IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MARK ANDREW SMITH,

    Plaintiff,

v.                               CIVIL ACTION NO.: CV512-021

JERRY POPE; TONY HENDERSON;
LOUISE WHITE; DR. STILES;
SOUTHERN HEALTH PARTNERS;
and COFFEE COUNTY,

    Defendants.

## ORDER

After an independent and *de novo* review, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections were filed. Plaintiff also filed a Brief for Amended Complaint and an Amended Brief, which the undersigned also considers part of Plaintiff's Objections.

In his Objections, Plaintiff asserts that he believes Defendants White and Stiles were under the employ of Southern Health Partners at the time of his accident. Plaintiff maintains that Southern Health Partners should be responsible for the actions of its employees. Plaintiff also asserts that he believes there was an established policy or custom in place, and for this reason, his claims against Southern Health Partners and Coffee County should remain. Plaintiff makes essentially the same assertions in his Amended Brief in Support of the Complaint. However, Plaintiff's general allegation that he "believes" a policy or custom was in place because an employer should be

AO 72A
(Rev. 8/82)

responsible for the actions of its employees is insufficient to permit him to sustain a cause of action against Southern Health Partners or Coffee County. "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

In his Brief for Amended Complaint, Plaintiff asserts that the Magistrate Judge stated that Defendants delayed his treatment for Plaintiff's wrist injury, even though surgery had been ordered. Plaintiff avers that he stated in his Complaint that there was a delay in going to see a doctor for his wrist injury and that surgery had not been ordered, as the Magistrate Judge stated. Assuming without deciding that the Magistrate Judge misconstrued a small detail of Plaintiff's Complaint, such is immaterial. The Magistrate Judge ordered service of Plaintiff's Complaint against Defendants Pope, Henderson, White, and Stiles because Plaintiff arguably set forth a deliberate indifference claim against these Defendants.

Plaintiff's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Plaintiff's claims against Southern Health Partners and Coffee County are **DISMISSED**. Plaintiff's negligence claims are **DISMISSED**. Plaintiff's claims against Defendants Pope and Henderson relating to the grievance procedure are **DISMISSED**. Plaintiff's monetary damages claims against Defendants Pope, Henderson, White, and Stiles in their official capacities

are **DISMISSED**. Plaintiff's individual capacity deliberate indifference claims against Defendants Pope, Henderson, White, and Stiles shall remain pending.

**SO ORDERED**, this ___ day of ____July_____, 2012.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA